## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SCHNEIDER ROTHMAN INTELLECTUAL    CASE NO.
PROPERTY LAW GROUP PLLC,

    Plaintiff,

v.

GETTY IMAGES, INC.,

    Defendant,

and

ZEMANTA, INC.,

    Defendant.

---

### COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT OF COPYRIGHT AND UNFAIR OR DECEPTIVE TRADE PRACTICES AND FOR INDEMNIFICATION
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC ("SRIPLAW"), sues Defendant Getty Images, Inc. ("Getty") and Zemanta, Inc. ("Zemanta"), and states as follows:

### I.  NATURE OF THE ACTION

1. Like millions of other small businesses across the United States, SRIPLAW maintains an internet website to provide information about SRIPLAW's services and to educate and attract potential clients. SRIPLAW publishes original content on its website at www.sriplaw.com that describes the legal representation the firm provides in the areas of intellectual property law and also discusses important legal developments involving patents, trademarks, copyrights and trade secrets.

2.  In order to present its website content as relevant to search engines while at the same time enhancing the visitor's experience, SRIPLAW uses common and generally accepted internet publishing and search engine optimization (SEO) practices. One of these practices involves automatically displaying thumbnail images with links to related internet content on other websites a visitor to SRIPLAW's site might find interesting and relevant. This practice is called web syndication.[1] In web syndication, "content distributors syndicate a web feed, thereby allowing users to subscribe to it."[2] Web feeds can and often do include thumbnail sized images. There are dozens of different feed syndication technologies, with the largest being RSS. As of August 18, 2014, over 17 million active websites on the internet were using RSS to publish web feeds.[3]

3.  SRIPLAW is a member of a content syndication network operated by Zemanta. Zemanta analyzes SRIPLAW's website content and then displays thumbnail images with links to related internet content on other websites in the Zemanta network alongside SRIPLAW's content. SRIPLAW does not store the thumbnail images displayed by Zemanta on the www.sriplaw.com web server, and this fact is easily ascertained by anyone who views the publically available website page code at www.sriplaw.com through the "view source" feature available in all internet browsers.

---

[1] Wikipedia defines web syndication as "making web feeds available from a site in order to provide other people with a summary or update of the website's recently added content . . .The term can also be used to describe other kinds of licensing website content so that other websites can use it." http://en.wikipedia.org/wiki/Web_syndication visited August 17, 2014.

[2] http://en.wikipedia.org/wiki/Web_feed visited on August 17, 2014. "A typical scenario of web feed use is: a content provider publishes a feed link on their site which end users can register with an aggregator program (also called a feed reader or a news reader) running on their own machines; doing this is usually as simple as dragging the link from the web browser to the aggregator. When instructed, the aggregator asks all the servers in its feed list if they have new content; if so, the aggregator either makes a note of the new content or downloads it. Aggregators can be scheduled to check for new content periodically. Web feeds are an example of pull technology, although they may appear to push content to the user. The kinds of content delivered by a web feed are typically HTML (webpage content) or links to webpages and other kinds of digital media. Often when websites provide web feeds to notify users of content updates, they only include summaries in the web feed rather than the full content itself." *Id.*

[3] Source: BuiltWith.com Trends > Syndication Techniques https://trends.builtwith.com/feeds visited August 17, 2014.

4.      Getty licenses images via the Internet.  To combat alleged copyright infringement of its images, Getty utilizes a computerized image matching system that searches out and identifies purported Getty images, including thumbnail sized images, that Getty claims are being used without license on an individual's or business' website, and then automatically sends the individual or business a form letter demanding payment.  Getty's demand letters are unsigned and, upon information and belief, are not reviewed before they are sent.  Getty's letters threaten immediate legal action unless payment is made, and the payment demanded is typically an amount Getty would receive for the highest resolution commercially licensed version of the image, not the low resolution thumbnail sized image identified by Getty's image matching system.

5.      Getty's system is flawed, deceptive and unlawful because it fails to recognize when thumbnail sized images appear on websites as a result of that website's republication of a web feed or its participation in a content syndication network.

6.      Recently SRIPLAW received a letter from Getty dated July 1, 2014 (the "Getty letter") accusing SRIPLAW of infringing a thumbnail sized image on SRIPLAW's website entitled "Image Number: 120379626" by photographer David Young-Wolff.  The Getty letter in question, a true and correct copy of which is annexed as Exhibit A, demanded immediate payment of $380, an amount Getty claimed was the average licensing fee for commercial use of Image Number: 120379626. Investigation of the publically available website page code at www.sriplaw.com quickly revealed that SRIPLAW did not place Image Number: 120379626 on its website, and does not store Image Number: 120379626 on its web server. Rather, a thumbnail sized image resembling a cropped version of Image Number: 120379626 is displayed on SRIPLAW's website by its content syndication partner Zemanta and linked to a third-party

3

website that displays what appears to be a validly licensed larger sized and differently cropped version of Image Number: 120379626 attributed to Getty.

7.     Millions of websites belonging to individuals and businesses display thumbnail sized images as a result of their participation in content syndication networks just like SRIPLAW.  Under accepted statutory and decisional law, the mere display of a thumbnail sized image on a website with a link back to the site with the full sized image does not violate any of Getty's purported rights under the Copyright Act.  *See, e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). Furthermore, the copying and storage of thumbnail sized images for display on a website with a link back to the site with the full sized image is a fair use pursuant to 17 U.S.C. § 107, and may entitle the site that displays the thumbnail sized image to a DMCA safe harbor defense pursuant to 17 U.S.C. § 512. *Id.*

8.     Getty has falsely accused SRIPLAW of infringing Getty's copyrights. SRIPLAW's attorneys have knowledge of two individuals who received similar letters from Getty where the images displayed on their websites were placed there by third parties as a result of the website's use of a syndicated feed that included images. The individuals accused of infringement by Getty are laypersons and unsophisticated in matters of copyright law. Getty's practice is unfair and deceptive to the average website owner or operator who lacks the technical and legal knowledge and/or financial ability to challenge Getty's false allegations. As a result, upon information and belief, many website owners or operators who have received letters from Getty falsely accusing them of infringement have simply paid Getty the extortion Getty demanded which Getty was not entitled to receive because no infringement occurred.

9.     Based upon these facts, SRIPLAW brings this action requesting this Court (a) enter a Declaratory Judgment that SRIPLAW is not liable to Getty for infringement of copyright

in violation of 17 U.S.C. § 106; and (b) enter a preliminary and permanent injunction enjoining Getty from engaging in the unfair or deceptive trade practice of sending computer generated form letters threatening lawsuits and demanding compensation from individuals and companies such as SRIPLAW that operate websites that merely display thumbnail images under circumstances where SRIPLAW and similarly situated individuals and companies (i) are not violating any of Getty's exclusive rights under 17 U.S.C. § 106; (ii) are entitled to the statutory defense of fair use pursuant to 17 U.S.C. § 107; and/or (ii) are entitled to DMCA safe harbor pursuant to 17 U.S.C. § 512.

10. SRIPLAW also sues Zemanta for indemnification of SRIPLAW from any and all copyright infringement claims asserted by Getty for SRIPLAW's display of Getty thumbnail images on www.sriplaw.com by Zemanta.

## II.   JURISDICTION AND VENUE

11. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Copyright Act, 17 U.S.C. § 101, et seq. and the Florida Statutes.

12. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201.

13. This Court also has exclusive federal question subject matter jurisdiction in this matter in that Plaintiff seeks relief under the Copyright Act of 1976 (as amended).

14. This Court has supplemental jurisdiction of the counts based on Florida law pursuant to 28 U.S.C. § 1367(a).

15. This Court has personal jurisdiction over Getty and Zemanta since they conduct ongoing and continuous business in the State of Florida.

16. Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims asserted herein occurred in this Judicial District.

### III. PARTIES

17. SRIPLAW is a Florida professional limited liability company with its principal office at 4651 N. Federal Hwy, Boca Raton, FL 33431.

18. Getty is a New York corporation with its principal office at 601 North 34th Street, Seattle, Washington 98103.

19. Zemanta is a Delaware corporation with its principal office at 33 West 17th Street, Ste 903, New York, NY 10011.

### IV. FACTS

#### A. Background on SRIPLAW

20. SRIPLAW was founded on January 1, 2013 by partners Jerold I. Schneider and Joel B. Rothman through their Professional Associations Jerold I. Schneider P.A. and Joel Benjamin Rothman, P.A., respectively. Schneider and Rothman are both Board Certified in Intellectual Property law by the Florida Bar Board of Legal Specialization & Education. Schneider serves on the Florida Bar Board Certification Committee for Intellectual Property Law. From 2009 to 2011, Rothman was Chair of the Intellectual Property Committee of the Business Law Section of the Florida Bar which helped create Florida's Intellectual Property certification.

21. Schneider has been practicing intellectual property law for over forty years. Schneider has been actively involved in over 200 intellectual property lawsuits and has obtained over 1000 patents and trademarks for his clients. Schneider is "AV" rated by Martindale-Hubbel. He received his J.D. *cum laude* from The George Washington University Law School, and his B.S.E.E. from New Jersey Institute of Technology. Schneider is admitted in Florida, Virginia,

D.C., and Michigan, as well as in numerous federal courts around the country. More information on Schneider is available at http://www.sriplaw.com/about-us/jerold-i-schneider/.

22. Rothman has been practicing intellectual property law for over fifteen years. Before that, Rothman was an Assistant District Attorney in the Rackets Bureau, Investigations Division, of the Bronx District Attorney's Office. Rothman is "AV" rated by Martindale-Hubble, and rated 10.0 (superb) by Avvo.com. He received his J.D. with honors from the Benjamin N. Cardozo School of Law, Yeshiva University, and his B.A. *magna cum laude* from the State University of New York at Albany. Rothman is admitted in Florida and New York, as well as numerous federal courts around the country. More information on Rothman is available at http://www.sriplaw.com/about-us/joel-b-rothman/.

### B. SRIPLAW's website at www.sriplaw.com

23. Rothman maintains SRIPLAW's website at www.sriplaw.com. Rothman has populated the site with original writings by Rothman and Schneider, including articles on a wide range of intellectual property issues. The SRIPLAW website runs WordPress, a popular open source content management system (CMS). The WordPress CMS accepts a wide range of "plug-ins" that provide additional features permitting someone with little or no internet development experience to easily enhance their website visitor's experience with just a few clicks.

24. One plug-in available for WordPress that SRIPLAW uses is Zemanta. According to Wikipedia, "Zemanta is a content and links suggestion plugin for publishers, bloggers and other content creators. It suggests links to context-relevant articles. It also suggests images found on internet that are context relevant, as well as keywords, and tags." See http://en.wikipedia.org/wiki/Zemanta visited August 16, 2014. Zemanta says it "promotes your content to the right publishers at the right time. With a simple click these publishers share your content with their readers ensuring your Content Marketing campaign has maximum reach and

7

impact." See http://www.zemanta.com/editorial-network/ visited August 16, 2014. How Zemanta does this is by placing thumbnail images and links in articles and posts on websites and blogs that contain content Zemanta has determined is related to other articles and posts on other websites and blogs within the Zemanta network.[4]

## C. Getty's allegations of infringement.

25. On April 10, 2013, intellectual property attorney Steve Schlackman, Esq., who sometimes serves as Of Counsel to SRIPLAW, posted an article on SRIPLAW's website entitled "In California, Using Smartphone Map Applications While Driving is Illegal." See http://www.sriplaw.com/in-california-using-smartphone-map-applications-while-driving-is-illegal/. Below the article under the heading "Related articles" appears five small thumbnail images with links as shown in Figure 1:



**Figure 1-Related articles thumbnails and links**

---

[4] Zemanta is not the only WordPress plug-in that places thumbnail images on WordPress blogs and websites.  Others include YARPP https://wordpress.org/plugins/yet-another-related-posts-plugin/, Related Post Plugin https://wordpress.org/plugins/wordpress-23-related-posts-plugin/, N Related http://wordpress.org/plugins/nrelate-related-content/, Contextual Related Posts http://wordpress.org/plugins/contextual-related-posts/, and Shareaholic https://wordpress.org/plugins/shareaholic/, to name just a few.

Each image and title of a "related article" in Figure 1 is hyperlinked to another website on the internet. Review of the publically available HTML code of the sriplaw.com page where these thumbnails are displayed reveals HTML code that Zemanta placed on SRIPLAW's website as shown in Figure 2:



Figure 2-Code inserted by Zemanta at www.sriplaw.com

26.     The HTML code shown in Figure 2 refers to the fourth thumbnail image from the left in Figure 1 and indicates that this thumbnail image is stored on Zemanta's server, not SRIPLAW's web server. The HTML code shown in Figure 2 indicates that when a user clicks the fourth thumbnail image from the left showing a driver holding a smart phone, the user's browser is directed to a website publisher's computer that stores a larger photographic image similar to the fourth thumbnail image and an article with the title referenced below the fourth thumbnail, "Calif. court upholds ticket for phone GPS use while driving," at http://www.whas11.com/news/technology/Calif-court--202033951.html as shown in Figure 3:

9



**Figure 3-Web page at http://www.whas11.com/news/technology/Calif-court--202033951.html**

27. Figure 4 shows the image at the website of WHAS-TV shown at

http://www.whas11.com/news/technology/Calif-court--202033951.html enlarged and clearly

providing photo credit to Getty.

10



**Figure 4-Enlarged image displayed in thumbnail at www.sriplaw.com**

28. Upon information and belief, WHAS-TV has a license from Getty for Image Number: 120379626.

29. Image Number: 120379626 is advertised for license by Getty as "Japanese woman texting on phone while driving" at http://www.gettyimages.com/detail/photo/japanese-woman-texting-on-phone-while-high-res-stock-photography/120379626 where the image can be seen as shown in Figure 5:



Figure 6-Image Number: 120379626 at gettyimages.com

30. For purposes of comparison, Figure 6 shows, to scale, the dramatic difference in size between the thumbnail image displayed on the SRIPLAW site by Zemanta, and the lowest resolution of Image Number: 120379626 available for license from Getty.

## Getty Images Size Comparison



518px x 330px
GettyImages Website Photo
Purchase Page



482px x 278px
Whass11.com News Article



80px x 80px
Zemanta Thumbnail

Figure 5-Comparison between image sizes

31. A thumbnail sized image resembling a cropped version of Image Number: 120379626 is displayed on SRIPLAW's website by Zemanta and linked to the website of

12

WHAS-TV that displays what appears to be a larger sized and differently cropped version of Image Number: 120379626 attributed to Getty.

32. SRIPLAW did not place Image Number: 120379626 on its website.

33. SRIPLAW does not store Image Number: 120379626 on its web server.

**COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT AGAINST GETTY**

34. SRIPLAW realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. There is an actual controversy between the parties concerning whether SRIPLAW's actions constitute copyright infringement and whether SRIPLAW can be liable to Getty for copyright infringement.

36. Getty alleges that SRIPLAW is liable for copyright infringement for violating Getty's exclusive rights under 17 U.S.C. § 106 to Image Number: 120379626 on the [www.sriplaw.com](www.sriplaw.com) website.

37. SRIPLAW denies that it violated any of Getty's alleged exclusive rights under 17 U.S.C. § 106 to Image Number: 120379626.

38. There is a present controversy whether SRIPLAW has infringed upon Getty's copyright in Image Number: 120379626.

39. SRIPLAW seeks a declaratory judgment from this Court that SRIPLAW is not liable to Getty for infringement of copyright.

**COUNT II – VIOLATION OF THE FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT AGAINST GETTY**

40. SRIPLAW realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

41. The Florida Deceptive and Unfair Trade Practices Act broadly declares in §501.204(1) that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.

42. On July 1, 2014 Getty sent SRIPLAW the letter attached as Exhibit A. The Getty letter accuses SRIPLAW of infringing Image Number: 120379626 by photographer David Young-Wolff and demands immediate payment of $380, which Getty states is the average licensing fee for commercial use of Image Number: 120379626.

43. Getty's practice of utilizing a computerized image matching system that searches the internet and identifies Getty images, including thumbnail sized images, on an individual's or business' website, and then automatically sending the individuals or businesses identified by Getty's system a form letter alleging infringement, threatening lawsuits and demanding settlement payments, is an unfair or deceptive act or practice that violates FDUTPA.

44. Getty's practice is unfair or deceptive because a significant number of the individuals and businesses who receive Getty's letters (i) are not violating any of Getty's exclusive rights under 17 U.S.C. § 106; (ii) are entitled to the statutory defense of fair use pursuant to 17 U.S.C. § 107; and/or (ii) are entitled to DMCA safe harbor pursuant to 17 U.S.C. § 512, and therefore have not committed infringement and are not liable to Getty.

45. Getty's practice is unfair or deceptive because the automatically generated form letters Getty sends demand payment in an amount that Getty would only receive for the highest resolution commercially licensed version of the image, not the lowest resolution thumbnail sized image the recipient is accused of infringing.

46. Getty's unfair and deceptive practice has caused actual damages to SRIPLAW by requiring SRIPLAW to expend time and money to bring an action to obtain a declaratory judgment that SRIPLAW did not infringe Getty's copyright.

47. Getty's unfair and deceptive practice has damaged other individuals and businesses similarly situated to SRIPLAW who received letters from Getty that falsely claimed copyright violations and, because these other individuals and businesses lack the technical or legal knowledge and/or funds necessary to defend themselves from Getty false claims, have instead paid extortion money to Getty that Getty was not entitled to.

48. Unless enjoined, Getty's unfair and deceptive practice will damage other individuals and businesses who receive letters from Getty that falsely claim copyright violations and demand settlement payments to resolve such false claims.

## COUNT III – CLAIM FOR INDEMNIFICATION AGAINST ZEMANTA

49. SRIPLAW realleges and incorporates by reference the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Image Number: 120379626 is displayed on SRIPLAW's website by Zemanta.

51. In the event that SRIPLAW is determined to be liable to Getty for infringement of copyright in Image Number: 120379626, SRIPLAW's liability will be due entirely to the actions of Zemanta in displaying Image Number: 120379626 on SRIPLAW's website.

52. In the event that damages, costs and/or attorney fees are assessed against SRIPLAW, Zemanta should be held responsible to pay for the same and the cost of SRIPLAW's defense to Getty's claim, in equity.

WHEREFORE, SRIPLAW prays that the Court enter judgment awarding SRIPLAW the following relief:

   a. Entry of judgment against Getty according to the declaratory relief sought herein;

   b. Entry of a preliminary and permanent injunction against Getty enjoining Getty from engaging in the unfair and deceptive practice alleged herein;

   c. Entry of a judgment against Getty for SRIPLAW's attorneys' fees and costs of this action;

   d. In the alternative, entry of a judgment against Zemanta requiring Zemanta to indemnify SRIPLAW for any liability for copyright infringement to Getty, and to pay SRIPLAW's attorneys' fees and costs of this action; and

   e. For such other and further relief as the Court deems just and proper.

Dated: August 20, 2014

          Respectfully submitted,

          By: _____
          Joel B. Rothman
          Florida Bar No. 98220
          joel.rothman@sriplaw.com
          Jerold I. Schneider
          Florida Bar No. 26975
          jerold.schneider@sriplaw.com
          Schneider Rothman Intellectual Property Law Group PLLC
          4651 North Federal Highway
          Boca Raton, FL 33431
          Tel: 561-404-4350
          Fax: 561-404-4353
          Attorneys for Plaintiff